Daniel Aburto RAMOS, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–75158.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed July 7, 2008.

Daniel G. Jarcho, Lisa M. Norrett, McKenna Long & Aldridge, LLP, Washington, DC, for Petitioner.

Daniel Aburto Ramos, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Marshall Tamor Golding, Allen W. Hausman, OIL, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner Daniel Aburto Ramos ("Ramos") appeals the Board of Immigration Appeals' ("BIA") denial of his application

for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We grant Ramos's petition for review and remand to the BIA with instructions to remand to the Immigration Judge ("IJ") for a new merits hearing.

In September 2001, the government initiated removal proceedings against Ramos. In May 2004, following multiple continuances, the IJ concluded that Ramos had failed to establish ten years of continuous physical presence as required by 8 U.S.C. § 1229b(b)(1)(A) and (d)(2). "Concerned" about a discrete six-month period from April 1993 to October 1993 (the "disputed period"), the IJ denied Ramos's application for cancellation of removal. The BIA affirmed without opinion; we therefore review the IJ's decision for substantial evidence. See Lopez–Alvarado v. Ashcroft, 381 F.3d 847, 850–51 (9th Cir.2004).

Because the IJ did not make any explicit findings of adverse credibility, we accept the testimonial evidence Ramos offered as true. See id. at 851. Ramos provided uncontroverted testimony that (a) he never left the United States after entering in 1988; (b) he did not accompany his wife and daughter to Mexico because he was working and needed to pay the rent; (c) any proofs of payment from his jobs as a day laborer were lost during his family's move from North Hollywood to Panorama City; (d) his old electric bills were lost during that same move, and the power company did not retain those records; (e) he never visited his wife in Mexico during her pregnancy, nor was he present when his son, Alvarado, was born; (f) while his wife was in Mexico, he sent money through another brother and by wire; and (g) while his wife was in Mexico, he lived in Panorama City with his brother, Oscar, and Oscar's wife, Ruth. Three witnesses, including his wife, provided testimony corroborating Ramos's assertion that he did not travel to Mexico between April 1993 and October 1993.

The IJ erred in improperly requiring corroborating documentary evidence where Ramos provided ample testimonial evidence of his continuous presence. The IJ failed to provide "a specific, cogent reason" for rejecting that testimony. See id. at 851–52. As in Vera–Villegas v. INS, 330 F.3d 1222, 1234 (9th Cir.2003), the IJ had "but one reason for concluding" that Ramos could not establish continuous presence during the disputed period: the absence of corroborating documentary evidence. That does not by itself, however, undermine the other evidence of physical presence in the record. "It is unreasonable to discredit the sworn testimony of a witness for the sole reason that there is no contemporaneous documentary evidence to support it, especially when there may be valid reasons why no such evidence exists." Id.

We therefore grant the petition for review and remand to the BIA with instructions to remand to the IJ to reevaluate Ramos's application for cancellation of removal.

**GRANTED.**